IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-00190-1BR

**United States of America**,

v.

**Maurice Montre Parks**,

**Order**

In June 2017, a federal grand jury indicted Defendant Maurice Montre Parks on one count of violating 18 U.S.C. §§ 922(g)(1) and 924 by knowingly possessing a firearm after having been convicted of a felony. D.E. 1. This matter is set for arraignment and trial on December 11, 2017. The Government recently requested an order from the court authorizing it to obtain a DNA sample from Parks to compare his DNA to DNA obtained from the firearm that he alleged possessed. D.E. 24. After considering the matter, the court will deny the motion without prejudice to the Government seeking a search warrant to obtain a DNA sample from Parks.

According to the Government, on September 5, 2015, the Wilson Police Department received a call stating that there was a man standing with a long gun at the front door of a nearby house. When officers arrived that the house, they saw a car backing out of the house's driveway. At the same time, the caller to the Wilson Police Department told the 911 operator that the armed individual was leaving the scene.

Officers pursued the fleeing vehicle "along several roads and … across a yard" before the encounter ended with the suspect being apprehended after a foot chase. The suspect was identified as Parks. Later, officers searched the yard that the car passed through and found a rifle in the grass near a set of tire marks. The Wilson Police Department swabbed the rifle in an attempt to obtain DNA evidence.

The Government now seeks permission from the court to obtain a buccal swab sample from Parks to obtain his DNA in order to compare it from the DNA obtained from the rifle. The Government requests permission to collect the sample under the All Writs Act, 28 U.S.C. § 1651, and the Supreme Court's decision in *Maryland v. King*, 569 U.S. ____; 133 S.Ct. 1958 (2013).[1] Parks did not file a written response to the motion, but at the hearing on the matter indicated his counsel stated that he opposed the motion on the grounds that the defense had not received discovery regarding the DNA obtained from the rifle.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has explained that the Act "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

Here, the Government wishes to use the Act to obtain evidence that Parks possessed the firearm found near the tire tracks made by the fleeing vehicle. In other words, it is seeking evidence that Parks committed the offense he has been charged with. Rule 41(c)(1) of the Federal Rules of Criminal Procedure addresses circumstances of this nature when it provides that "[a]

---

[1] The court notes that the Supreme Court held in *Maryland v. King* that "[w]hen officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment." 569 U.S. ____, 133 S.Ct. 1958, 1980 (2013). This case presents factually distinct circumstances from those present in *King* and its holding may not be applicable to circumstances where officers seek to conduct an individualized search after booking has been completed in an attempt to obtain evidence of a crime. *See, e.g.*, *Brown v. Conrado*, No. CV 13-2620, 2014 WL 772803, at *3 (C.D. Cal. Feb. 21, 2014) (opining that *King* is not controlling when DNA swab was not collected as part of a routine booking procedure to comply with state law and when collection was performed to use in the criminal case against the defendant long after he was taken into custody); *United States v. Calhoun*, No. CR-12-01793, 2013 WL 3833206, at *1 (D.Az. July 24, 2013) (opining that *King* did not apply when the government requested DNA swabs of defendant eight months after arrest because it was clearly not part of a routine booking procedure to help officers process and identify the defendant in a safe and accurate way). *But see United States v. Alvarez-Herrera*, No. 5:13-CR-00061, 2014 WL 1599506 (E.D.N.C. Apr. 21, 2014)

warrant may be issued for … evidence of a crime[.]" Because Rule 41 addresses the issue at hand, the Government cannot rely on the All Writs Act to authorize the collection of a DNA sample from Parks.

Thus, the Government's motion is denied without prejudice to it proceeding pursuant to Rule 41 of the Federal Rules of Civil Procedure or any other applicable statute.

Dated: November 29, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge